## Moss *et al. v.* The State of Mississippi.

When a bench warrant is issued in term time, returnable at the term at which it was issued, the sheriff may take a recognizance, returnable to a day of the term.

When a defendant is recognized to appear on a particular day, a forfeiture cannot be taken at a subsequent term, without notice.

IN ERROR.

This is a writ of error to a judgment of the circuit court of Hinds county. Moss and Gwin were indicted in the circuit court; the indictment was found at the November term of the circuit court, in the year 1839. A bench warrant was issued, returnable during the same term, commanding the sheriff to arrest the defendants and have them before the court on the 12th day of December; by the indorsement upon which, the defendants were ordered to be held to bail, in the sum of two hundred dollars. The warrant was executed upon Moss, and he was released by the sheriff, upon his having given bail, by entering into a recognizance with Hughes, his surety, before Dougherty, the deputy sheriff, in the penalty of two hundred dollars, conditioned for his appearance to answer the charge against him, on Wednesday the 12th day of December, being the term when said warrant issued, and answer, &c., *and not depart thence until he was discharged by due course of law.* Moss was not called at the November term, to which his recognizance was returnable; but at the March term thereafter he was called, and a forfeiture entered, and scire facias issued to the following term, in which it was recited that a recognizance was given for his appearance, and to answer the charge to the November term; but the condition *that he should not depart* thence was not recited. The scire facias was executed, and the defendants moved to quash the scire facias, which motion was overruled, and the judgment *nisi* made absolute; which judgment is assigned for error.

Moss *et al. v.* The State of Mississippi.

W. Yerger for plaintiffs in error.

It is insisted that the court erred, because, first—the sheriff, or his deputy, has no power to take a recognizance, upon the service of a bench warrant issued from the circuit court in term, and returnable the same term.    The only law which is to be found in the statute book which authorizes the sheriff to take recognizances, is the following, being part of the 13th sec., chap. 44, title sheriff, Rev. Code, 252:

"And he is hereby authorized to take recognizances, with good and sufficient security, of any person or persons whom he may arrest on the process of a circuit court of law, charged before such court with any crime or misdemeanor not punishable with death, in a reasonable penalty, conditioned for the appearance of the offender or offenders, *to the next term of said court,* unless such process be made returnable forthwith, during the term of the court at which the same is awarded."

This can give no power or authority to the sheriff to do that which was done.    The power, by the section, is expressly limited to cases returnable to a term from a preceding term, for he is to recognize to the next term.    In cases where the process is returnable forthwith, he has no power to take a recognizance; but in such cases he is to obey the command of the writ, to bring the offender into court—when the court might take a recognizance. The sheriff then had no power to take the recognizance.

Second.  The scire facias should have been quashed on the motion of the defendants, because upon its face it did not show such a case as authorized a judgment.    The recognizance which is recited in the scire facias was conditioned for the appearance of the defendant on the 12th day of December, and not for the appearance on that day, and that he should not depart, &c.    This is clearly an illegal recognizance, and cannot be enforced.    The law is in these words:

"*And be it further enacted,* that all recognizances taken by a justice of the peace, or in court, shall be continued from term to term, as other processes, and shall remain in full force and effect, until disposed of by the court, without a renewal of the same."

"*And be it further enacted,* That hereafter, it shall be the duty of all justices, and other officers duly qualified, to take recognizan-

ces from any person to appear at a future court, to annex a condition that the accused shall be liable on said bond or recognizance, until the principal shall be discharged by due course of law."

See act of 1824, ch. 70, sec. 2; 3 Miss. Laws, 36.

These sections change the law; whereas heretofore, it was necessary to enter into a new recognizance from term to term, now one entered into is sufficient, but the new condition created by the statute is to be inserted. The law is to be taken together; one section declares the recognizance, like other processes, shall be continued from term to term; and that the surety might know what the nature of his engagement is, this continuance is to be made known by the insertion of a condition to that effect. If this be true, then it results that the recognizance recited in the sci. fa. is illegal, because it is in direct contravention of the law. The command to do a thing in a particular way is certainly as effectual to prevent its being done in any other, as if it were said that, done in any other manner it shall be void. The substance in one and the other case is the same. But it may be insisted, perhaps, that the recognizance is a part of the record, and may be looked to support the sci. fa., and the recognizance being taken with the condition required by law, the sci. fa. is good. The result will be the same, for then it will be seen that the first objection is sustainable. The recognizance was taken by the sheriff, returnable to the same term of the court from which the writ issued, and not to the next term, and in either event the proceedings are irregular, and the sci. fa. ought to be quashed.

The contract of a surety is to be construed strictly, both in law and equity, and his liability is not to be extended by implication beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation he is bound, and no further. He has a right to stand upon the very terms of his contract; and if he does not assent to a variation, and a variation is made, it is fatal. 5 Cond. R. 727.

It is essential to a breach of the condition of recognizance, that the party who is to appear should be solemnly called before his default. 2 Wash. C. C. R. 422.

Although the condition of a bond may not be so extensive as the act of assembly authorizes, it is nevertheless good as far as

an obligation is created, and to that extent a judgment may be rendered.   9 Yer. 11.

Although the statute directed that no appeal should be taken until the principal gave bond to pay the debt, costs, and damages, held, that in a bond conditioned to pay the costs, no judgment could be rendered against the sureties for the debt.   5 Yer. 296.

Attorney General, contra.

*Mr.* Chief Justice SHARKEY delivered the opinion of the court.

The plaintiff in error was indicted in the circuit court of Hinds county for retailing spirituous liquors in less quantities than one gallon.   A bench warrant issued, which was executed by the sheriff, and the defendant entered into a recognizance for his appearance at a subsequent day of the same term at which the indictment was found.   At a subsequent term a forfeiture was taken, and on the return of a scire facias, the defendant failing to appear, the judgment *nisi* was made final, to reverse which this writ of error is brought.

The first objection taken is, that the sheriff had no power to take the recognizance, because the bench warrant was issued in term time, returnable at a subsequent day of the same term; and it is insisted that the sheriff can only take recognizances in vacation, returnable to the next term.

The language of the statute on which this objection is predicated is as follows: "He (the sheriff) is hereby authorized to take recognizances, with good and sufficient security, of any person or persons whom he may arrest on the process of a circuit court of law, charged before such court with any crime or misdemeanor not punishable with death, in a reasonable penalty, conditioned for the appearance of the offender or offenders to the next term of said court, unless such process be made returnable forthwith during the term of the court at which the same is awarded."   A general rule is here laid down, but there is also an exception created by the latter clause of the statute.   The general provision must prevail, unless this case comes within the exception.   The only exception is, where the process is made returnable forthwith to the same term of the court at which it was awarded.   This process

26*

was returnable to the same term, but it was not returnable forthwith. The reason why the sheriff is not allowed to take recognizance when the process is returnable forthwith is, that it is his duty to take the prisoner immediately into court, according to the command of the writ. But when the prisoner is only required to appear at a distant day, it is competent for the sheriff to take his recognizance. The reason of the exception then fails, and the object of the law is answered. The recognizance taken by the sheriff is equally as binding as if it had been taken in open court. Hence we think the recognizance was well taken.

The next objection is, that the forfeiture was not taken on the day when the defendant was bound to appear, but at a subsequent term of the court. This circumstance of itself would not vitiate the forfeiture; but the rule seems to be, that where a defendant is recognized to appear on a particular day, a forfeiture cannot be taken at a subsequent term without notice for that purpose. 2 Hawkins' Pleas of the Crown, 173, and note (5); Barbour's Criminal Treatise, 507. This rule would probably not apply to recognizances returnable generally at a particular term, if the forfeiture was taken during that term.

There is a further statutory provision by which recognizances are continued from term to term as other process, in which there is also a provision that recognizances shall contain a condition, that the accused and his sureties shall be liable thereon until the principal shall be discharged by due course of law. This provision is little more than declaratory of the common law, by which, on recognizance, the defendant was bound to appear from time to time, until discharged by due course of law; and still it seems if a forfeiture was not taken on the day for appearance, that it could not be taken afterwards without notice. It is therefore reasonable to conclude, that although the recognizance was continued by the statute from term to term, a forfeiture could not be taken at a subsequent term without notice. And if a notice be essential to the forfeiture, it is but right that it should appear to have been given, and as no such thing appears in this record, we think the forfeiture was improperly taken. The recognizance is unexceptionable, and under the statute will continue in force, but the judgment on the scire facias must be reversed, and the cause remanded.